UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DONATHAN CORTNER,

    Defendant.

Case No. 3:25-cr-69-3

District Judge Michael J. Newman

---

**ORDER DENYING DEFENDANT DONATHAN CORTNER'S MOTION TO REVOKE HIS DETENTION ORDER (Doc. No. 22)**

---

    This case is before the Court for review of the pre-trial detention order that United States Magistrate Judge Peter B. Silvain, Jr. issued on August 7, 2025.  Doc. No. 8.  Defendant Donathan Cortner moves to revoke his detention pursuant to 18 U.S.C. § 3145(b).  Doc No. 22.  The Court has carefully considered Defendant's motion and the record at issue.  Although the Court is sensitive to Defendant's interest in, and desire to, revoke detention and release him on bond, the Court continues to find by clear and convincing evidence that the current detention will reasonably assure the appearance of Defendant as required and the safety of the community.  Accordingly, Defendant's motion is **DENIED**.  The Court's previous Detention Order (Doc. No. 8) shall remain in effect.

    **I.    BACKGROUND**

    Defendant stands indicted, along with two other defendants, on many offenses including, as relevant here, possession with intent to distribute a mixture containing a detectable amount of cocaine (a Schedule II controlled substance) and possession with intent to distribute a mixture containing a detectable amount of heroin (a Schedule I controlled substance) in violation of 21

U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Doc. No. 13.

After Defendant's arrest in August 2025, the Government moved for pretrial detention, arguing that a rebuttable presumption of detention applies because there is probable cause to believe that Defendant committed an offense in violation of the Controlled Substances Act and is subject to ten or more years in prison. Doc. No. 8, PageID 37; 18 U.S.C. § 3142(e)(3)(A).

Defendant appeared before Judge Silvain for a detention hearing on August 7, 2025. *See* Doc. No. 8. Judge Silvain reviewed Defendant's criminal history, potential length of incarceration if convicted, and the danger to the community based on the nature and amount of drugs present in the alleged offense. *Id.* at PageID 37. Judge Silvain was concerned Defendant would be a risk to the community if he were released and ultimately held there were no conditions of release that would assure Defendant's appearance for court proceedings and/or the safety of the community. *Id.* at PageID 38. For all these reasons, Judge Silvain ordered that Defendant be detained pending trial. *Id*.

Defendant now moves to revoke the detention order. Doc. No. 22. The Court construes this motion as a request to reconsider, revoke, and/or appeal the detention order. He argues that there are "conditions of release that would assure his appearance when required, and which would not jeopardize the community's safety, or the safety of any other person." *Id.* at PageID 116. He states that his family ties, including wife and two minor children in the Dayton area, reduce his risk of flight; that he has no prior felony convictions; and that he was employed full time at the time of his arrest. *Id.*

## II. STANDARD OF REVIEW

A defendant may move to revoke or amend a detention order under 18 U.S.C. § 3145(b). A district judge must then review *de novo* a magistrate judge's detention order. *Id.; United States*

*v. Yamini*, 91 F. Supp. 2d 1125, 1130 (S.D. Ohio 2000); *United States v. Williams*, No. 2:20-cr-142, 2020 WL 6866404, at *2 (S.D. Ohio Nov. 23, 2020). "A *de novo* review requires the district court 'to give fresh consideration' to the issues before it." *United States v. Davis*, No. 2:19-cr-196, 2020 WL 1977219, at *2 (E.D. Tenn. Apr. 24, 2020) (quoting *United States v. Raddatz*, 447 U.S. 667, 675 (1980)). A hearing on a § 3145(b) motion is not required. *United States v. Romans*, No. 00-5456, 2000 WL 658042, at *1 (6th Cir. May 9, 2000); *Williams*, 2020 WL 6866404, at *2.

### III.    ANALYSIS

While the usual default position is that a person should be released pending trial, "[t]hat default is modified . . . for certain, particularly dangerous defendants." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).

> "[I]t shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed [] an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)."

18 U.S.C. § 3142(e)(3)(A). This presumption leaves a defendant with the burden to produce evidence that they do not pose a danger to the community or a risk of flight. *Stone*, 608 F.3d at 945. If a defendant presents some evidence to that effect, he or she has satisfied the burden of production and has rebutted the presumption, but the district court still considers the presumption as a factor when resolving whether Defendant must be detained pending trial. *Id.*; *see also United States v. Dillard*, No. 3:23-mj-00011, 2023 WL 313856, at *2 (S.D. Ohio Jan. 19, 2023).

When reviewing the magistrate judge's detention order, the district judge relies on the 18 U.S.C. § 3142(g) factors: "(1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the

3

nature and seriousness of the danger to any person or the community that would be posed by the defendant's release." *United States v. Webb*, No. 00-6368, 2000 WL 1721060, at *1–2 (6th Cir. Nov. 6, 2000). A Court will order a defendant detained upon finding that there are no conditions that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). "A judicial finding of either substantial danger to the community or risk of flight" is sufficient to detain a defendant. *Williams*, 2020 WL 6866404, at *2. "The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or the community by clear and convincing evidence." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004).

For the following reasons, the Court finds that the presumption of detention applies to Defendant and that, while he presented facts to rebut the presumption, the § 3142(g) factors favor keeping him detained pending trial.

### A. Rebuttable Presumption

Given Defendant's indictment, probable cause exists to conclude he violated two provisions of the Controlled Substances Act: 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Doc. No. 13; *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985) (finding that an indictment "is sufficient to establish probable cause" that a defendant has committed one of the charged offenses); *see also Hinton*, 113 F. App'x at 77. Both statutes provide for a maximum term of imprisonment of over ten years. *See* 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Therefore, either offense leaves Defendant facing the presumption of detention. *See* 18 U.S.C. § 3142(e)(3)(A); *see also United States v. Tawfik*, 852 F. App'x 965, 965–66 (6th Cir. 2021). Consequently, Defendant bears the burden to produce evidence showing he not a risk of flight nor a danger to the community, though the Government retains the burden of persuasion. *Stone*, 608 F.3d at 945.

Defendant provided evidence that his wife and children are in the Dayton area and that there is a residence in which he could stay if released. Doc. No. 22 at PageID 117. He also included information from lab reports indicating how many grams of the seized substances tested positive for cocaine and heroin. *Id.* Assuming, without finding, that Defendant has rebutted the presumption of detention, the presumption remains a consideration as the Court weighs the § 3142(g) factors to determine if Defendant should be released. *See United States v. Bothra*, No. 19-1092, 2019 WL 8883547, at *1 (6th Cir. Mar. 28, 2019) (finding that the defendant rebutted the presumption in favor of detention by stating that he was not a flight risk because he and his family have lived in the community for decades). *But see Hinton*, 113 F. App'x at 78 ("The presumption in favor of detention does not vanish simply because a defendant comes forward with evidence to rebut it."); *Stone*, 608 F.3d at 945 ("[T]he presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial. . . . To rebut the presumption, therefore, a defendant should 'present all the special features of his case' that take it outside 'the congressional paradigm.'" (internal citations omitted)).

### B. Nature and Circumstances of the Offense Charged

The first § 3142(g) factor weighs in favor of Defendant's continued detention. It examines "the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance[.]" 18 U.S.C.(g)(1). As stated above, Defendant is charged with several serious offenses subject to long periods of imprisonment, including multiple offenses involving controlled substances. This counsels in favor of detention, particularly in light of the presumption. *See United States v. Shuklin*, No. 19-4171, 2020 WL 2992522, at *1 (6th Cir. Mar. 18, 2020) (upholding pre-trial detention after finding that the defendant led the criminal enterprise, faced up to twenty years in prison, and would likely have to pay a significant amount of restitution; all of

which increased the defendant's incentive to flea); *United States v. Dixson*, No. 20-1998, 2021 WL 1502723, at *1 (6th Cir. Mar. 22, 2021) (upholding detention and agreeing with the district court that a ten-year term of incarceration "reflected the seriousness of the crime and 'increase[d] the likelihood of flight.'" (internal citations omitted)).

### C. Weight of the Evidence

The next factor, "the weight of the evidence against the person," § 3142(g)(2), considers "the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948. Defendant's drug trafficking charges favors detention, particularly due to the presumption in favor of detention. *See Tawfik*, 852 F. App'x at 966 (upholding the defendant's detention, "especially given the presumption in favor of detention").

### D. Defendant's History and Characteristics

The next factor requires the Court to examine "the history and characteristics of the person[.]" 18 U.S.C. § 3142(g)(3); *see Bothra*, 2019 WL 8883547, at *2 (finding that the defendant's history and characteristics supported detention because the defendant had "the motive, means, and a place to flee[]"). Among the considerations are Defendant's family ties, community ties, past conduct, and criminal history. 18 U.S.C. § 3142(g)(3).

Defendant's family and community ties do weigh in favor of release: his local family support includes his wife and two children. See Doc. No. 22 at PageID 117.

Turning next to Defendant's criminal history, a criminal record supports a finding a dangerousness but is not required. *Stone*, 608 F.3d at 950 (citing *United States v. Rodriguez*, 950 F.2d 85, 89 (2d Cir. 1991)). Defendant has a history of offenses, even if they were not felony convictions. Doc. No. 8, PageID 37. This suggests to the Court that Defendant is a danger to the community and/or a risk of flight. This provides the Court with little confidence that he would

6

now appear to face the instant charges. *See United States v. Moore*, No. 20-3497, 2020 WL 6580481, at *2 (6th Cir. July 8, 2020) (finding the defendant was likely a danger to the community and a flight risk due to "his multiple violations of supervised release, propensity to reoffend, and prior failures to appear"); *Dixson*, 2021 WL 1502723, at *1 (finding the defendant's probation violations and uncooperative behavior with authorities suggested "he was unlikely to appear for future proceedings[]").

### E. Nature and Seriousness of Danger to the Community

The last factor, "the nature and seriousness of the danger to any person or the community that would be posed by the person's release[,]" 18 U.S.C. § 3142(g)(4), weighs in favor of detention, especially in light of the presumption. *See United States v. Lattner*, 23 F. App'x 363, 364 (6th Cir. 2001) ("The court may continue to give the presumption some weight by keeping in mind that Congress has determined 'that drug offenders pose a special risk of flight and dangerousness to society.'" (quoting *United States v. Hare*, 873 F.2d 796, 798–99 (5th Cir. 1989))). Defendant was arrested on drug trafficking charges and has a criminal history including violence or use of weapons. *Cf. United States v. Nero*, 854 F. App'x 14, 17 (6th Cir. 2021) (finding that there were no conditions that would assure community safety and the defendant's appearance in court because defendant had eight probation violations and committed six crimes while on supervision).

While the Court is mindful of Defendant's arguments, the nature and seriousness of the danger to the community weighs heavily here.

### IV. CONCLUSION

For the aforementioned reasons, the Court finds that there are no conditions of release that would assure community safety and Defendant's appearance for court proceedings. *See* 18 U.S.C.

§ 3142(e)(1).  Thus, Defendant's motion (Doc. No. 22) is **DENIED** and Defendant must remain detained pending trial.  Judge Silvain's detention order is **AFFIRMED**.

    **IT IS SO ORDERED.**

<u>November 6, 2025</u>                                      <u>s/*Michael J. Newman*</u>
                                                              Hon. Michael J. Newman
                                                              United States District Judge

cc: U.S. Probation and Pretrial Services Office
    Dayton, Ohio